ELIZABETH SOBEL, PETITIONER-APPELLANT, v. BOARD
OF TRUSTEES OF THE TEACHERS' PENSION AND
ANNUITY FUND, DIVISION OF PENSIONS, DEPART-
MENT OF THE TREASURY, RESPONDENT-RESPON-
DENT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1976—Decided January 22, 1976.

Before Judges KOLOVSKY, BISCHOFF and BOTTER.

*Messrs. Pollan & Pollan,* attorneys for appellant (*Mr. Steven E. Pollan,* of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Richard M. Conley,* Deputy Attorney General, of counsel; *Mr. Samuel J. Halpern,* Deputy Attorney General, on the brief).

·PER CURIAM. In May 1973 appellant, a school teacher, applied for accidental disability retirement. By letter dated June 20, 1973 respondent notified appellant that she was ineligible for accidental disability benefits because she was 65 years of age. *N. J. S. A.* 18A:66—39c. By that same letter appellant was advised that she could apply for service retirement effective July 1, 1973 if she filed an application within 30 days of the date of respondent's letter. Appellant failed to file her service application within such time. Because that application was not filed until August 22, the Board ruled that it could not become effective until October 1, 1973, which was the first day of the month following a 30-day period after the application was filed.

On this appeal appellant contends that: (a) her application for accidental disability retirement should have been automatically converted to one for ordinary service retirement benefits; (b) that the "30-day rule" applied by respondent as expressed in its letter of June 20, 1973 violates *N. J. Const.* (1947), Art. V, § IV, par. 6, and (c) that the Board of Trustees  (Board) has authority to grant a service retirement allowance based upon a rejected claim for accidental disability benefits.

Thus, appellant seeks a judgment of this court ordering ordinary service retirement benefits paid to her effective July 1, 1973 rather than October 1, 1973.

■ Retirement for age and years of service is essentially voluntary (*N. J. S. A.* 18A:66–43(a); see *Jacobs v. N. J. Highway Auth.,* 54 *N. J.* 393, 397 (1969)), although provision is made for involuntary retirement at age 70 (*N. J. S. A.* 18A:66–43(b)) or on application of the employer in case of disability at a lower age (*N. J. S. A.* 18A:66–39). The Board has promulgated a regulation requiring an applicant to file for retirement on the Board's forms at least one month before the requested date of retirement, and, failing to do so, the retirement date is advanced to the first day of the following month. *N. J. A. C.* 17:3–6.1. The 30-day period allows time for processing and guards against "death bed" applications. See *De Nike v. Board of Trustees,* 62 *N. J. Super.* 280, 302 (App. Div. 1960), aff'd 34 *N. J.* 430 (1961).

The Board has apparently followed the practice of accepting a substitute service retirement application within 30 days of its notice that accidental disability retirement benefits have been denied. Appellant's cause is not advanced by the contention that the Board's failure to adopt that practice by formal rule or regulation filed according to law violates *N. J. Const.* (1947), Art. V, § IV, par. 6. It is inconsistent with appellant's demands to argue that a practice which allows for a "retroactive" date of retirement on the basis of a substitute application is invalid.

The essential issue in the case is whether appellant should be excused from complying with the requirement that a retirement application be filed at least 30 days prior to the effective retirement date. Appellant was given clear notice that her disability retirement was denied and that she could file for a service retirement by separate application. With the letter of June 20, 1973 the Board mailed appellant an application for service retirement and suggested that appellant file it "promptly." Appellant failed to comply with the

Board's instructions. She contends that she did not understand the difference between accidental disability retirement and service retirement. As an unfortunate consequence she has lost retirement benefits for three months.

██ The position of the Board is reasonable and justified. Although appellant's disability application indicated that she could no longer continue to teach, the Board could not assume, in the face of its request for a new application to be filed, that appellant intended to accept a service retirement. An applicant's physical condition could improve between the filing for disability retirement and the time notice of its denial is received. The Board's practice reasonably accommodates a member's timely election of service retirement benefits upon notice of the denial of disability benefits. We see no reason to compel the Board to effectuate retroactively a retirement application made more than 30 days after notice is given of the denial of disability benefits. The Board may properly treat that late application as a new application to be processed according to its normal rules and regulations.

Affirmed.